2010-1453 MINESEN Company against the Department of the Army. Let's give everybody a chance to get settled here and we'll see. Okay, I think we're ready to begin. Ms. Mulvaney. Good morning. May it please the Court? Counsel. This is a case about a contract for which there's no longer a benefit of a bargain. In this case, Minesen, a small company, contracted with the Army to provide lodging services to Army travelers in exchange for the Army directing travelers to the hotel. Minesen did not contract for continuing litigation due to the Army's inability or unwillingness to perform a contract. The Board below committed clear error in dismissing Minesen's claim in this case as not being a new claim. Is it true that at the quantum phase there is some analysis going on about forward-looking damages? Well, in the quantum phase, Your Honor, of the related case at the Board, Minesen asserted claims for past damages as well as future damages. In this case, this appeal, Minesen is arguing that the Army's failure to cure the breach, once the judge issued the decision finding that the breach of the contract from 1997 went to the core of the contract, the Army had an affirmative duty to cure that breach. And so the claim in this case is based solely on the future, the remaining years of the contract. What are the parties to do when the Army either is refusing or unwilling to perform? Well, that's where I'm confused. If in the first case the court refused to find an anticipatory breach, how can you, in the quantum phase of that case, seek future damages? Minesen's theory in the quantum case and the related case at the Board is that it's entitled to damages for the future because the Army's breach is continual. Every day that goes by, the Army does not comply with the contract. Let's see if we understand, if we're all on the same page as to what we mean by future. I take it there are three time periods. One is the time period up until the filing of the complaint or the disposition in the 2006 action. Another is the ongoing period during which the quantum proceedings are going, which will come to an end at some point. And the third period is the period after the end of the quantum proceeding. Now, I take it when you say future, you mean that middle period, right? You don't mean that the quantum proceeding is directed at and will result in an award of damages for a period after the end of the quantum period, do you, or do you? It's uncertain, Your Honor. OK, but you're asking for it, but you're not sure that that will be the ultimate relief granted in the quantum? That's correct, and here's why. The judge's decision, the November 2006 decision issued by the board, found that the breach went to the core of the contract. The board appears to have concluded that was a partial breach, and so under the board's analysis, granted that, in our opinion, the judge's decision was ambiguous in terms of what the 1997 breach was, but the board seems to have interpreted it as a partial breach. And there's no assurance or indication that when we have a trial on quantum in the related case, that the future will be resolved. Future as in getting an award that extends beyond the time in which the quantum proceedings end, correct? Is that what you mean by future? I mean, this is a long contract. It is. It's a 32-year contract. If the quantum proceeding were to end tomorrow, would you anticipate that the award would say, this is the amount of your damages to date. If there are additional damages after this date, you have to come back and ask for more, or would you anticipate that the award will say, this is the amount so far, doesn't appear that there's going to be any change in circumstances, and therefore, the amount that you will suffer until the end of the contract will be X amount, and we award that as well? Or do you not know which of those at this point will be granted? At this point, we don't know, Your Honor. Certainly, Minnison would argue for the latter, but the problem is that since the decision came out and the Army has known that it has breached the core of the contract, it has failed to address the contractual problem. What it's trying to do is convert the benefit of the bargain to one in which Minnison has to perpetually litigate. for the remaining 15 years of the contract, and that's material breach. So it's also a different set of facts than was the basis for the 1997 breach, and that's why this claim is a new claim and a different claim. I'm having a hard time seeing the difference in the facts, other than the happenstance of having a board decision in the middle of all these proceedings. In other words, the board said that the day before its decision, even though there was a significant breach, and even though that breach was sufficient to give you a right to damages, that it does not constitute anticipatory repudiation. So why has it now become an anticipatory repudiation when the Army's activities haven't changed? It becomes an anticipatory repudiation because initially the Army didn't believe it was in breach of contract. It thought what it was doing was in compliance with the contract and was following what it was supposed to be doing. When the judge's ruling came out in 2006, the judge told the Army, said, Army, you are breaching the core of the contract. You are taking away the benefit of the bargain to Minnison. Once that happened, Minnison requested assurances that the Army would perform. Minnison expected that the Army would remedy that situation. And since that time, the Army has done none of that. The Army has repudiated the contract now as a result of the 2006 decision. The Army should have either fixed it or ended the contract. It didn't do that. And what it's trying to do is force Minnison to perpetually litigate this contract until it's over. So you're saying once the Army no longer has a good faith basis to argue that this is not a breach to engage in the kind of conduct they're engaging in, that their, what was it, the denial letter in 2008, you say that is enough to now create a basis for an anticipatory breach? It is. I mean, initially what happened was Minnison said, you know, the decisions came out, the decision has come out, and we expect you to cure. And there was no response. There were no assurances given. There was no action taken. Minnison eventually filed the claim. In response, nothing happened. There were no assurances given. The final decision was issued saying we're not doing anything. Only after Minnison filed suit at the Board did the Army then suggest it might take some action. But since that time, no action has been taken. Do we even get to the merits in this case? Isn't there a jurisdictional problem? More specifically, didn't Minnison waive its right to appear before this court in this contract? Certainly the Army asserts that argument, Your Honor, but Minnison didn't waive its right to appear in this court, and that's because Minnison's contract is subject to the Contract Disputes Act, or the CDA is a matter of law. The CDA provides subject matter jurisdiction for Minnison's claims both at the Board and at this court. And because you cannot waive a CDA claim as a matter of law, the language in the contract that claims that the contract is not subject to the CDA is invalid. Now, are you relying on Burnside Ott just for that proposition, or is there specific language in the CDA that you believe controls? Well, it's Burnside Ott, and it's also the Supreme Court's rulings and Arbaugh v. Y&H Corporation finding that subject matter jurisdiction can never be waived. Well, Arbaugh was about jurisdictional defects, wasn't it? That's a very different analysis. The Supreme Court has found that you can waive subject matter jurisdiction in a whole host of circumstances. Arbaugh was very different. You can't waive a defect in jurisdiction. Well, the Court looked at jurisdictional analysis and said that in that case, you could waive the substantive piece, but you couldn't waive the subject matter jurisdiction that allows you to bring the claim. That's a similar case to the CDA here. I don't think that's what Arbaugh said, and the Supreme Court has allowed waiver in a variety of discrimination circumstances and a variety of other circumstances in which there would have been jurisdiction in federal court. So I don't think Arbaugh helps you on this. Your Honor, don't those cases, though, involve situations where arbitration has been the recourse for the parties to resolve those issues, and so there was still a right of essentially the parties agreeing to review and to resolving it through a separate mechanism? In this case, the question is whether or not the CDA can be waived as a matter of law, and Burnside OTT stands for the proposition that it cannot. Now, in that case, I recognize it was a little bit different, but it's important to remember one of the fundamental rights granted in the CDA when it was enacted in 1978 was the right to judicial review, and that's a fundamental right that Congress wanted litigants, particularly contractors, as well as the federal government to have when it enacted the changes in law. I would have thought that there's statutory language. Perhaps there's a reason that the statutory language isn't controlling, but it looked pretty strong to me in saying, and I'm reading from what used to be 609B. It's now, I guess, 7107B. Notwithstanding any contract provision, regulation, or rule of law to the contrary, in an appeal by a contractor from the decision of an agency board, the decision of the agency board on a question of law is not finally conclusive. Now, to say what that seems to say, and this would seem to support your position, would seem to say that the contract provision that says that the agency board is final for all purposes is not going to survive the CDA. I mean, am I misreading that? I'm sorry, what section? 7107B, which used to be 609B. It's been revised as of this year. I mean, basically it's saying, as I read it, perhaps I'm misreading it, but it seems to be saying that regardless of any contract provisions that might seem to limit rights of review of the agency board, the agency board is only final with regard to questions of fact. And even then, there are exceptions, but not final with respect to questions of law, which is the basis for this appeal. So, I mean, I agree with that. The agency board is not, its findings are not final with respect to. Yeah, I just sort of wonder why you're citing cases involving different issues and so forth. I mean, it seems to be, that looks like straight-up statutory support for your position. I'm wondering, am I misreading it? No, I don't think you're misreading it, and I think it's very helpful, and you raise a very good point, Your Honor. You didn't cite to that particular statute in your briefs, did you? I don't recall whether we did off the top of my head. I know we cited to the CDA for sure, but absolutely we agree that the findings of the board on issues of law are not conclusive, and because this court has jurisdiction to review those findings, it has the ability to both reverse them and to overturn them in any other way. And not always conclusive as to factual matters, although mostly. Right, that's exactly right. And in this case, there were some factual errors that this medicine request that this court corrects, which I will hopefully be able to address in my rebuttal time. Okay. Thank you. We'll hear from the government. Thank you. Mr. Sweet. Why don't we start where Ms. Mulvaney finished up. Is there a problem with the application of 7107B to this case? Two points on that, Your Honor, and may it please the court. First of all, that assumes that the CDA even applies in this case, which is not the case. Let's set the NAFI issue aside for a moment. Let's look squarely at the question of assuming the CDA applies, does the waiver, the purported waiver in the contract of review by this court, does that survive this provision of Title 41? Assuming that the CDA applies, it still would, Your Honor, yes. And the reason for that is this is under the section for judicial review, Your Honor. As the Supreme Court recognized in 1410 Plaza, which was a discrimination case, while parties cannot waive substantive rights created by the statutes, they're free to waive procedural rights, which include judicial review. But it says notwithstanding any contract provision to the contract, which is the language that the CDA uses when it wants to say you can't contract out of this one. Correct. It still has to be, I'm sorry. And then it follows up by saying what you can't contract out of is the notion that there are limits on the board's finality. Why doesn't that govern this case? Again, this clause also indicates that it's pursuant to subsection A, which is the standard of review.  In this case, it doesn't because, again, that's a procedural right. You mean it doesn't have jurisdiction? This court doesn't have jurisdiction because of the waiver, and therefore you don't get to the provision that says you can't waive this court's jurisdiction? This court doesn't have jurisdiction because there's a waiver, so you don't get to the issue of what standard. This is talking about the standard of view that's applied to factual. It's talking about whether there can be a waiver of the right to limited review of a non-final decision of the board. Well, it's talking about a waiver of the right to the standard of review on questions of law and factual. The subsection A here is what's talking about the right to pursue an appeal to this court. And our position is that that is waivable because that's a procedural right, Your Honor. And then if I can get back to the reason that we don't even get to that, it's because the CDA doesn't apply. Your Honor, it's not just because the fund is not a NAFI. There are three reasons why the CDA doesn't apply. Well, let's start with the NAFI issue. I mean, how can you claim that slattery doesn't apply when the very legislative history that you cite is the exact legislative history that the dissent relied upon and the majority rejected in slattery? Because the majority did not reject that reasoning, Your Honor. The majority did not even address it. The logical reading of the majority's bill. Well, the fact that the dissent that we weren't able to persuade the majority should mean something, right? Well, if the majority had said we disagree with their argument about the CDA, the logical reading of the fact that the majority didn't address it was that they found that legislative history from a different statute was not relevant to their analysis of the Tucker Act. The only reason that the NAFI doctrine ever even applied to the CDA is because the NAFI doctrine threw out of the Tucker Act, and then it was applied from there. I don't think that's entirely correct, Your Honor. I think in Purash, which was the case that applied the NAFI doctrine to the CDA, this court held that there were two reasons why this court doesn't have jurisdiction under the CDA over non-enumerated NAFIs. One was the reasoning that was rejected in slattery, namely that the judgment fund removed any jurisdiction that had been granted. But the court also relied on the statutory text and legislative history of the CDA itself. So even though slattery eliminates that second basis, this court still has to ask under the CDA, does it even have jurisdiction? And based on Purash, the holding of which is so good, as to the legislative history and statutory text, indicates that the CDA does not apply to non-enumerated NAFIs. But you would concede that if this action had been brought in the Court of Federal Claims, we'd be fine? This action couldn't have been brought in the Court of Federal Claims, Your Honor. The contract indicates that the only place to bring the claim was before the board. Well, but said, okay, all right. I mean, the nature of the claim is one that could be brought in the Court of Federal Claims. There's no, I mean, it's a government contract. There's no reason to set aside a provision of the contract, which— Well, there's also issues of finality and whether this particular entity would fall under the definition of the term United States under the Tucker Act. But if we put those aside, I mean, as a general matter, you could bring a claim against a NAFI in the Court of Federal Claims, yes, Your Honor. Why is this fund a NAFI at all, given that it, there's no indication that it could not be supported by congressionally appropriated funds? I think there is such an indication. In 10 U.S.C. 2491A, Congress makes clear that any funds, any appropriated funds received by moral welfare and recreation activities, such as the fund in the exact language is, shall be deemed, shall be considered to be non-appropriated funds for all purposes. That's a clear congressional, expression of congressional intent, that the fund be separated from general revenue, Your Honor. What about 2241, 10 U.S.C. 2241? It specifically allows use of appropriated funds for morale, welfare, and recreation. Yes, that just means you can use funds for moral welfare and recreation. It doesn't mean that you can use, that this particular entity can use those funds. That's just saying that the government can use funds to support moral welfare and recreation activities. It doesn't say that this particular fund is receiving any appropriated funds. Is there the potential for it to receive appropriated funds? Under 10 U.S.C. 2491A, any funds, appropriated funds that it would receive must be considered to be non-appropriated. Well, that's an odd construct. I mean, it's saying that it can receive appropriated funds, but we're going to call them non-appropriated. Well, I think it's, Congress is here is trying to say, as clearly as it can, that whatever it receives, we don't want that to be considered non-appropriated funds. I mean, it's pretty broad in saying that it shall be considered non-appropriated funds for all purposes. I think that they were trying to be as broad as possible there, Your Honor. So you can give them appropriated funds, and then we're going to turn around and call them non-appropriated to force them into a NAFI status? Congress is defining any funds that it receives as non-appropriated. So I guess you could convert HHS into, you could have a waiver of sovereign, a retraction of the waiver of sovereign immunity as to HHS simply by saying, all funds received by HHS are hereby deemed to be non-appropriated, even though, of course, they are appropriate. It has to be enough to say, okay, no suits against HHS. Congress, again, putting aside any slidery issues, yes, that's a clear expression. Well, it is, I mean, well. I'm talking only in the CDA context, Your Honor. When you're looking at the legislative history of the provision that you're talking about, that provision was not designed to give you this NAFI argument. It was designed for administrative efficiency purposes, wasn't it? No, I think it was designed to make it clear that Congress. Did you look at the legislative history? Your Honor, what legislative history are you referring to in particular? 2249. No, I know the statute, but is there a particular passage? Yes, there's legislative history that makes it clear that the purpose of that provision was for administrative efficiency, and it had nothing to do with NAFI status. Well, I mean, but I think the language, you only get to that if the language is unclear. I think the language clearly here indicates that any funds are non-appropriated or should be considered non-appropriated for purposes. The second reason that this Court does not have jurisdiction under the CDA is because the fund is not an executive agency. This Court only has jurisdiction under the CDA over executive agencies. Do you have anything other than pack for pizza for that proposition? Yes, this Court's jurisdiction of statute, which is 28 U.S.C. 1295A1, indicates that this Court has jurisdiction over, quote, and then it cites the CDA. So it appears from the board must be pursuant to the CDA in this case, Your Honor, in order for this Court to have public jurisdiction. Well, but how, I mean, do you have any, that wasn't the point you were making. You said it's not an executive agency. I said other than pack for pizza, which doesn't stand for that proposition because it was not reaching that issue. What authority do you have for the proposition that this is not an executive agency? The only regulation creating the fund expressly defines the fund as not being a federal agency, Your Honor. It says, and it does that by saying that NAAFI's under the regulation should not be considered federal agencies, and then it defines the fund as being a NAAFI. Mr. Sweet, just backing up a few feet and looking at this case from a little bit farther than the details of this particular piece of litigation, doesn't it concern you and the Department of Justice that there is a real risk that goes along with aggressively suggesting that certain entities can engage in contracts without being subject to having their contracts enforced in court? And doesn't that risk, isn't that risk a risk to the government? It seems to me you are at minimum going to pay more for the contracts that you engage in, enter in, and perhaps you won't be able to get a lot of people to respond to solicitations if you basically say to them, we will abide by our promises under this contract if we choose to. Well, Your Honor, it's correct to note that these provisions were clear in the contract and they should have been priced into the contract. But I think your characterization of parties having no remedies is incorrect. This contract provides an alternative dispute resolution mechanism. Parties are allowed to take disputes to the board if they disagree with it, and Minnison agreed to that provision, and they agreed as part of the contract that they're now seeking to enforce that their sole remedy would be to go to the board and that they would not appeal decisions from the board to this court. How much of a remedy is it? We're talking about 11 years later since they first did a claim. They still haven't got a dime, and there's no indication that they're going to comply with this contract for the next 15. Your Honor, part of the reason for the delay has been on Minnison's shoulders. This is not all because of the government. And further, a lot of the delay has been because Minnison's been having trouble proving their damages in this case. And so I don't think that that issue is for even this court to decide. Those are issues that are before the board in the pending quantum action. And indeed, a trial date has been ordered in that case in August. So I think that the issue of timing will be resolved in that case. In fact, it's important to note, turning to the merits here, exactly what Minnison is seeking to do here. Minnison brought its material breach claim before the board, which was rejected in the merits decision. Minnison then turned around and tried to re-litigate that material breach claim in the pending quantum phase. When it proved unable to substantiate the fact that the breach substantially impaired the value of the contract, it turned around and filed this action, seeking for the third time to re-litigate its material breach claim. Not only is that action complicative, it's illogical. Minnison cannot rely on the merits decision as a basis for establishing that the breach was material when the merits decision found that there was no material breach. Likewise, Minnison cannot rely on the merits decision to impose an obligation on the government. But isn't that exactly why this case, this new case, is different? That that original decision filed no anticipatory breach. And as of that point in time, they did not have a determination of the breach of contract and the government continuing to refuse to abide by that contract. So now they have grounds to ask for that anticipatory breach that they might not have had or they did not have in the past. I don't think they can bootstrap their way to a material breach claim by relying on a decision that found that there was no material breach. They're not. They're relying. I mean, if you look at their claim, they're relying on totally new facts. What they're saying is that there was a breach of the contract. And even if it wasn't anticipatory as of that point in time, the fact that you're arguing that they can't get future damages, the fact that you're arguing that you're continuing to breach and that you were actually making statements that says we have no intention to do anything other than continue to breach creates a whole new cause of action. Your Honor, if that created a new cause of action, then in virtually any case that there was a merits decision, the party could turn around, file a new claim for a material breach, and that would lead to the type of duplicative litigation that the board dismissed this action in order to- So what are they supposed to do? If they can't get-they're supposed to just keep suing every three or four years? Or what are they supposed to do? No, Your Honor. In fact, they're raising this precise anticipatory breach claim that the merits decision created a new material breach in the quantum phase. That's already being litigated. They should get-they will get a decision on whether they're right or not on that in the quantum phase. Do you acknowledge that that issue is cognizable? I know you don't agree that they're correct, but do you think that issue is cognizable in the quantum proceeding? Well, when you say cognizable- Is that an issue in the quantum proceeding that the board would be able to decide in their favor if it decided that they were entitled to that relief, or do you think that that's outside of the four corners of the proceeding? Well, we would say that it doesn't follow from the merits decision, but I think that goes to the merits of the argument. We're not taking the position that they can't raise that argument and that the board can't reject or accept that argument. That's up to the board in the quantum phase. But you are saying that because of the merits decision that didn't find an anticipatory breach that their damages are cut off, correct? And that they can't seek future damages. No, we haven't said that they can't seek future damages in the quantum procedure. You just said- We said they can't seek material breach damages, claiming their entire lost profit for the whole contract. We're saying that- Right, so the future damages. Well, we say the future damages should be calculated and should be based on the actual damages that they suffer from the breach, that they shouldn't be able to claim that the contract's void and obtain all their profit under the contract, which is what they're seeking to do, which is essentially a windfall, Your Honor, because they're still making money under the contract. Now, as to the circumstances that may or may not have changed, you would agree, I take it, that if the government tomorrow were to send a letter saying we hereby repudiate the contract, that would be a changed circumstance that could result in the filing of a new action, right? Well, it would be a new fact, but I think that would, again, it should be raised in the quantum phase, because they're still claiming damages for the period from the barracks decision through the end of the contract. So you think that that would be folded into the quantum, even though it would be a fundamental change in the government's position from the position it took at the time of the original 2006 decision? Well, let me just clarify. You're just saying completely separate from the litigation that's pending in the quantum phase? Right. The government, the contracting officer, sends a letter saying, you know what, we hereby repudiate the contract. Yes. That would be a new fact, Your Honor. And a new action could be brought, premised on that? The only problem is the damages would be overlapping, so it would probably have to be forwarded into the pending action because it's seeking still the same damages. But they could bring an independent action, I think. It would have to be related. Consolidated with this action, but it would be a separate action. Right. All right. But you say nothing like that has happened, and the mere passage of time plus the issuance of the 2006 decision is not enough to be a change of circumstances from the pre-2006 events? Correct, because all the documents in connection with the litigation they're pointing to are merely taking positions in the pending quantum action where this is still a live issue. Okay. I see my time is up, so for all these reasons, I respectfully request that the Court dismiss this action for lack of jurisdiction or any alternative from the Board. Thank you, Your Honor. Thank you. Ms. Mulvaney, we, I think you may have used up, let me see how much time you have. You may have some time left, but in any event, we'll give you an extra couple of minutes in light of the fact that we asked you a lot of questions and we held Mr. Sweet over. Thank you, Your Honor. Is that correct? Yes, Your Honor. I added two minutes. Okay. Very good. Oh, excellent. That's fine. Thank you. First, I wanted to respond to just a couple of points that opposing counsel made in his argument. First, I wanted to make it clear for the record that medicine has not delayed the resolution of the other case. Medicine has continually requested a quantum trial date in that case, and in response to the concept that medicine has had trouble proving its damages, medicine has yet to have a quantum trial to prove its damages. So all of those statements are just wrong. So I'd ask you to, in your deliberations, disregard those statements. They're just factually wrong. On the question of repudiation that you raised, Judge Bryson, here it's true the contracting officer did not issue the letter that you mentioned, but essentially the Army's actions are that letter. Everything the Army has done since the 2006 decision repudiates their obligation under the contract, and they're trying to make medicine perform a contract that it never agreed to. On some of the jurisdictional questions, the government's argument with respect to Section 10 U.S.C. 2491, which is the provision that they claim changes appropriated funds into non-appropriated funds, there's nothing in this provision, which Judge O'Malley pointed out, is an administrative provision that takes away the very clear expression from Congress that appropriations may be used for morale, welfare, and recreation activities, which is precisely what the fund does here. There's no question that the fund has not only access to appropriated funds, but in fact does receive appropriated funds based on its own Army regulation. Well, suppose, and this may not be all that hypothetical, I don't have the language of the statute, but suppose that Congress says with respect to a particular agency, this agency's going to be receiving appropriated funds, but all those funds will be treated as non-appropriated funds. Isn't that a withdrawal of the waiver of sovereign immunity? No, I don't believe so. First of all, I think the legislative history of the statute reflects that it's a concept of administrative bookkeeping. That may be in this case, but just more generically, if you had such a strange statute, it looks a little bit like this statute, but if you had such a strange statute, wouldn't it be a reasonable inference to say that Congress didn't want to really use the words withdrawal of the waiver, but that's what it did? I don't think so. First of all, I think a statute like that generally would be unconstitutional. I don't think that Congress can give appropriated funds to an entity and then allow the entity to backhandedly change around the nature of the funds. I'm talking about Congress saying that it will be deemed to be non-appropriate. To begin with, there would be no constitutional problem if Congress said tomorrow, I take it, that we've decided that this waiver of sovereign immunity was a really bad idea. We're going to reassert sovereign immunity as broadly as it was in 1789. Congress could do that. Right, and therefore, presumably it could do it in a more indirect way, and my question to you is, would the statute that I just described not be a waiver of sovereign, a withdrawal of the waiver of sovereign immunity? I don't think it would. Okay. And I think, I don't think it would because the test is whether or not there's been a pronouncement to reverse the ability of an application of a statute, and Congress has to be clear if it's going to do that. Well, I probably held you too long on that issue, so why don't you go ahead to your other points. Okay. On the question of the Slattery decision, I'd like for you to just briefly comment on your argument, in your briefs anyway, that the Slattery decision applies both to the Tucker Act and to the CDA. Yes, Your Honor, I'm happy to do that. The Slattery decision, as you're all familiar with, overturned the NAFI doctrine. The basis for the NAFI doctrine, as applied to the Tucker Act and the CDA, is exactly the same. It was all tied to whether or not NAFIs had the ability to pay, to satisfy judgments out of the judgment fund, and the court held in all the different cases throughout the line of the NAFI doctrine that if an entity did not receive appropriated funds, it was excluded from jurisdiction of both the Tucker Act and the CDA. In the Farage decision, that is the precise issue that this court decided and concluded that the NAFI doctrine equally applied to the CDA. So when the court ruled in Slattery that the NAFI doctrine doesn't apply to the Tucker Act as a bar to jurisdiction, that same logic and reasoning also applies to the CDA. To do so would defy common sense. What about the argument that at least as to the CDA, Congress actually endorsed the NAFI doctrine and put it into the statutory provisions that weren't as clear under the Tucker Act? Well, the statutory provisions in the CDA related to the military exchanges are taken from the Tucker Act. I mean, they're the same exact provisions. So to the extent that that was not a problem for the court in issuing the ruling that it issued in Slattery, in the Tucker Act, it's likewise not a problem for the court in extending the revocation of the NAFI doctrine to the CDA. It's the same exact language. It's the same exact issue. It's whether or not the military exchanges are excluded. Doesn't the legislative history of the CDA indicate, expressly indicate that the CDA does not cover non-enumerated funds or NAFIs? I don't believe so, Your Honor. I don't believe there's anything in the legislative history that confirms that. Initially, when Congress was looking at whether or not to exclude military exchanges, there was a discussion about whether or not all NAFIs should be excluded for jurisdictional purposes. And there was a debate, I think it was on the House floor, and ultimately what happened was the conclusion was that the exchanges were the issue, were the problem that needed to be addressed, that were deemed to be in the loophole. And Congress was concerned about making a broad rule that said all NAFIs are excluded from the NAFI doctrine because they were uncertain about what entities were out there that might fall within that category. And so the military exchanges were expressly listed as excluded from the NAFI doctrine in the Tucker Act and the CDA. But as the court found in Slattery, that doesn't mean that all NAFIs were necessarily excluded. And that applies both to the Tucker Act and also to the CDA. We've asked you a number of questions on your rebuttal. Did you have anything else very briefly on rebuttal that you wanted to make as an affirmative point? The only other point I wanted to make, Your Honors, was that the government is wrong in arguing that the fund is not an executive agency. Under the CDA, an executive agency is defined as either an executive department or a military department. The fund is a subcomponent of the Army. Its name says that. It's the U.S. Army Morale, Welfare, and Recreation Fund. It is a subcomponent of the military department, and therefore it falls within the executive agency definition under the CDA. Thank you.